UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JEFFREY D. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15 CV 2 |
| | ) | |
| ALLEN COUNTY SHERIFF DAVID J. | ) | |
| GLADIEUX, NURSE STEPHANIE HUPP, | ) | |
| NURSE LAURA KENNY, OFFICER GREG | ) | |
| GOBLE, OFFICER _____ WILEY, OFFICER | ) | |
| _____ RUNYON, NURSE REGINA ADAM, | ) | |
| NURSE MERISSA RUNYON, AND | ) | |
| OFFICER YEAETHA DILLON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

**I.   BACKGROUND**

Plaintiff is a brittle insulin dependent diabetic. Plaintiff was incarcerated at the Allen County Jail on more than one occasion in 2013, and this lawsuit stems from his complaints regarding the monitoring and treatment of his diabetes during those periods of incarceration.

Plaintiff takes two types of insulin each day: Humulin R ("HR"), a fast-acting insulin, and Humulin N ("HN"), which works more slowly. Plaintiff's physician, Dr. H Stephen Beyer, submitted a prescription to the jail regarding plaintiff's insulin regimen. That regimen consisted of 15-25 units of HR, with a notation stating "[patient] can decide," and 35 units of HN, twice daily, with no notation regarding the patient's ability to use his own discretion. (DE # 55-5 at 5.) However, the treatment logs

maintained by the jail indicate that plaintiff was often dosed with HN according to his own request, even if the requested dose did not match Dr. Beyer's prescription. (DE # 62-2 at 1-4.)

Plaintiff claims that, throughout his incarceration generally, the jail's nursing staff denied him the food trays necessary to managing his diabetes. He also alleges that on July 1, 2013, he was denied glucose testing for six hours, despite repeated requests and reports of low blood sugar to the staff. He claims this denial was perpetrated by "the jail nurse," but he does not state the identity of that nurse. (DE # 62 at 2.) He also claims that during a separate incarceration period, on September 8, 2013, a specific nurse, Nurse Hupp, gave him 35 units of HN, despite the fact that plaintiff requested 20 units. Plaintiff alleges that Nurse Hupp was distracted by guards, with whom she was chatting and flirting, when she made this error at around 8 p.m. that evening. The parties do not dispute that around 2:30 a.m., plaintiff's blood sugar plummeted. Plaintiff claims he tried to call for help that night, and that two officers, Officers Dillon and Wiley, ignored his pleas for assistance. According to plaintiff, Officer Dillon also stated that he would "get around to it." (DE # 61 at 7.) It appears undisputed that plaintiff was treated with glucose tablets and food at 3:00 a.m.

Plaintiff further alleges that Officer Dillon continued to ignore his requests for assistance with respect to his blood sugar levels on September 18 and 23, 2013. Also, plaintiff alleges that another guard named Officer Runyon interrupted a medical examination on September 23, 2013, by peppering him with questions and comments

2

relating to his condition, such as: "Eat more," "Giving food away?", "Exercising too much?", "Too much insulin, cut back," "Myers, you're killing me. I'm gonna [sic] leave you down here in a cell." (DE # 61-5.)

Plaintiff eventually sued the Sheriff of Allen County, along with a number of officers and nurses, alleging negligence and violations of the Eighth Amendment under 42 U.S.C. § 1983. (DE # 31.) Plaintiff later dismissed all "medical malpractice tort/negligence claims" against the nurses. (DE # 47.) The nurses filed a motion for summary judgment, seeking judgment on all claims against them. (DE # 55.) The officers, including the Sheriff of Allen County, did the same. (DE # 57.) Each group of defendants filed a Rule 56 motion to strike. (DE ## 65, 67.) All of the motions are fully briefed, and ready for ruling.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248;

3

*Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995). Importantly, the court is "not required to draw every conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

### III. DISCUSSION

#### A. Nurse's Motion for Summary Judgment (DE # 55)

All that remains of plaintiff's claims against the nurses is his constitutional claim under Section 1983. Plaintiff's allegations boil down to four types of allegedly unconstitutional mistreatment by the nurses: (1) denial of the food trays necessary to manage his diabetes; (2) denial of glucose for six hours while being kept in a holding

4

cell on July 1, 2013; (3) Nurse Hupp's administration of 35 units of HN to plaintiff on September 8, 2013, when plaintiff had requested 20 units; and (4) denial of treatment in the early morning hours of September 9, 2013, when plaintiff claims he was calling for help during an episode of diabetic shock. As for the first, second, and fourth allegations, plaintiff has failed to identify any particular nurse who wronged him (and the fourth allegation appears to be directed primarily at the officers). In his briefing and affidavit, he uses phrases like "the jail nurse" and "nursing staff" with respect to these allegations, but plaintiff cannot move forward to the trial phase based on allegations against unidentified individuals. *Williams v. Rodriguez,* 509 F.3d 392, 402 (7th Cir. 2007).

What is left is plaintiff's allegation regarding Nurse Hupp's administration of 35 units of HN on September 8, 2013, which is really the heart of plaintiff's action. This claim sounds in the Eighth Amendment, which "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Prison officials like Nurse Hupp violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Estelle,* 429 U.S. at 104. Accordingly, a claim based on deficient medical care must demonstrate two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011).

The parties do not appear to dispute that plaintiff suffered from a serious medical condition, so the court's focus is on whether Nurse Hupp acted with deliberate indifference. Deliberate indifference is a subjective standard. *Johnson,* 444 F.3d at 585. To demonstrate deliberate indifference, a plaintiff must show that the defendant "acted with a sufficiently culpable state of mind," something akin to recklessness. *Id.* A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. *Roe,* 631 F.3d at 857. Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988 (7th Cir. 1998). Notably, "[d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008).

A prison official must have actual, and not merely constructive, knowledge of the risk in order to be held liable under the deliberate indifference standard; specifically, she must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw that inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). However, although this inquiry focuses on an official's subjective knowledge, a prisoner need not present direct evidence of the official's state of mind. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. *Gevas v. McLaughlin,* 798 F.3d 475, 480 (7th Cir. 2015)

The court is only required to make reasonable inferences from the evidence, not unreasonable ones. *Lee,* 928 F.2d at 236. In this case, the court finds that plaintiff's own deposition and affidavit testimony regarding Nurse Hupp's actions of flirting and joking with guards during the administration of his insulin on September 8, 2013, is sufficient circumstantial evidence from which a reasonable inference of deliberate indifference may be drawn – but just barely. At trial, plaintiff will have a significant problem of proof with respect to Nurse Hupp's state of mind. But that matter is for the jury to address, not this court. It is enough, at this point, that plaintiff has offered enough evidence to create a question of fact. Accordingly, summary judgment cannot be granted in Nurse Hupp's favor.

B.     **Officers' Motion for Summary Judgment (DE # 57)**

Plaintiff makes no serious argument that Officer Runyon's questions and comments on September 23, 2013, regarding plaintiff's condition constituted an actionable wrong, and rightly so. The court cannot discern any actionable claim, either. Further, the "evidence" plaintiff cites regarding this incident is his own complaint, which is not evidence at all. *Brenner v. Greenberg,* No. 08 C 826, 2010 WL 4719694, at *3 (N.D. Ill. Nov. 15, 2010). The same problem plagues plaintiff's claim that Officers Dillon and Wiley ignored requests for assistance on September 18 and 23, 2013, and that Officers Dillon and Wiley were negligent. (DE # 61 at 10.) Plaintiff cannot rely on his own complaint as evidence of wrongdoing by Officers Dillon and Wiley, so the officers are entitled to summary judgment on these claims. Plaintiff also admitted that he has no

7

evidence to support any claim against the Sheriff (DE # 61 at 10), so summary judgment is appropriate on all claims against the Sheriff, as well.

What remains of plaintiff's claims against the officers is his contention that between 2:30 a.m. and 3:00 a.m. on September 9, 2013, Officers Wiley and Dillon ignored his pleas for help, during which time plaintiff experienced dangerously low blood sugar. The court finds that plaintiff has sufficiently pointed to facts which could lead a jury to infer that the thirty-minute delay in his treatment could have unnecessarily prolonged and exacerbated his suffering and his injury. This is enough to survive summary judgment. *Gayton v. McCoy,* 593 F.3d 610, 625 (7th Cir. 2010). Further, though Officers Wiley and Dillon "vehemently dispute" that they ignored plaintiff between 2:30 a.m. and 3:00 a.m. (DE # 68 at 5), this assertion merely highlights the existence of a question of fact regarding plaintiff's claim.

## IV. CONCLUSION

For the reasons set forth above, the summary judgment motion of defendants Nurse Stephanie Hupp, Nurse Laura Kenny, Nurse Regina Adam, and Nurse Merissa Runyon is **GRANTED, in part, and DENIED, in part**. (DE # 55.) The summary judgment motion of defendants Allen County Sheriff David J. Gladieux, Officer Greg Goble, Officer Wiley, Officer Runyon, and Officer Yeaetha Dillon is **GRANTED, in part, and DENIED, in part**. (DE # 57.) The motions to strike are **DENIED** as moot, as resolution of the matters contained therein are not necessary to deciding the underlying

motions for summary judgment. (DE ## 65, 67.) The Clerk shall **TERMINATE** all defendants with the exception of Nurse Hupp, Officer Wiley, and Officer Dillon.

The only claims left in this case are: (1) the Section 1983 claim against Nurse Hupp for the administration of 35 units of HN on September 8, 2013; and (2) the Section 1983 claim against Officers Wiley and Dillon for allegedly ignoring his pleas for assistance with regard to his diabetic condition between 2:30 a.m. and 3:00 a.m. on September 9, 2013. Because claims still remain in this case, the court withholds entry of final judgment.

The parties are **ORDERED** to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by October 3, 2017. A trial date will be set under separate order.

**SO ORDERED.**

Date: September 19, 2017

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT